Rich, Judge,
concurring:
While I fully agree with the grounds of the decision in Judge Martin’s opinion, I would like to go a little further and make the observation that the patent statutes do not authorize the grant of patents on theories but only on useful inventions — concrete contributions to the “useful arts” referred to in the Constitution, Art. 1, section 8. Appellants have attempted to obtain patents in the categories of “process” and “machine,” 35 U.S.C. 101, without disclosing in their applications a single specific process or machine. A study of the application on appeal and the two earlier applications attempted to be incorporated therein reveals only theoretical considerations, including a plurality of alternatives, which, if pursued with the aid of an uncertain but surely extensive amount of further experimentation, might lead to the development of an operative process or reactor for the production of nuclear energy.
Meritorious though the scientific principles disclosed may be, and regardless of how much they may reveal to other workers in the field, they fall short of the point which must be reached to entitle one to a patent. That point is not reached until it is possible to comply with the provision in section 112 of the statute that the patent application disclose the maimer and process of making and using the machine or the process “in such full, clear ^ concise cmd exact terms as to enable any person skilled in the art to which it pertains” to make and use the machine, or use the process, alleged to have been invented. These are exacting requirements and the need for compliance with them is one of the fundamentals of the patent system.
This might be a good time to point out that the purpose of the patent system is to promote the progress of the useful arts, which is done by granting patents for completed inventions. They may be crude but they must have been carried to the point where they work. Merely propounding the theories according to which they must be made in order to work is not enough. It might also be well to note that, as pointed out in the House and Senate reports on the bill which became the Patent Act of 1952 (82nd Cong., House Report No. 1923, May 12, 1952, p. 4; Senate Report No. 1979, June 27, 1952, p. 3, to accompany H.R. 7794), it is quite unlikely that the authors of the Constitution had patents, inventors or inventions in mind when in Art. 1, section 8 they referred to “science.” What we now know as “science” did not exist when the Constitution was written. Such “science” as existed was more likely to be called natural philosophy and the probability is that “science” in the Constitution referred to knowledge in general, which was to be promoted by Con *729 gress, should it choose to exercise its power, by “securing for limited times to authors * * * the exclusive right to their * * * writings.” See Karl B. Lutz, “Patents and Science,” 18 Geo. Wash. L. Rev. 50, 32 J.P.O.S. 83, Feb. 1950. Thus there was no implication that patents were to be granted for scientific discoveries, or hypotheses, but only to inventors for their discoveries in useful arts. Hence the statutory requirement that something of use in the useful arts must be produced and the correlative requirement that it must be fully disclosed so that those in the art can use it.
Put in another way, the statutes do not provide for the granting of patents on all inventions, which term could conceivably include the discovery of scientific facts or the invention of theories, but only for patenting operative processes, machines, manufactures, compositions of matter and improvements thereof as accomplished facts, not mere proposals.
The record here shows that the useful arts waited a long time and for a vast amount of work to be done subsequent to appellants’ application disclosures before a useful nuclear reactor or process of producing nuclear energy, for industrial purposes, came into being. It is for accomplishments of this sort that patents are granted, and then provided only that there is a disclosure of how to achieve them.